UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BONAVITO,<br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>HARVARD UNIVERSITY,<br>　　　　　　　　Defendant. | Civil Action No. |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332. 1441, and 1446, defendant President and Fellows of Harvard College ("Harvard") (improperly pleaded as Harvard University)[1] hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Hunterdon County, to the United States District Court for the District of New Jersey, and states as follows:

1.　　Plaintiff Robert A. Bonavito commenced an action in the Superior Court of New Jersey, Law Division, County of Hunterdon, on August 31, 2020.  That lawsuit, identified as *Robert A. Bonavito v. Harvard University*, Docket No. HNT-L-000320-20 (the "State Court Action"), asserted seven causes of action against Harvard. (*See* Compl., Exh. A).

2.　　A copy of the Complaint was served upon Defendant on September 22, 2020.

3.　　This Court has jurisdiction because this is a civil action which involves questions arising under the laws of the United States.  28 U.S.C. § 1441(a)-(b); *see* 28 U.S.C. § 1331. Federal question jurisdiction exists because Plaintiff seeks recovery based on purported violations of the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*, as well as Section 106.21 of Title 34, Code of Federal Regulations.

---

[1] President and Fellows of Harvard College, also known as the Harvard Corporation, is the legal entity comprising Harvard University and the proper defendant in this litigation.

4. This Court further has jurisdiction because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1441(a)-(b); *see* 28 U.S.C. § 1332(a).

## I.   THE COURT HAS ORIGINAL FEDERAL QUESTION JURISDICTION

5. Among Plaintiff's causes of actions are claims for purported violations of the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.* (Sixth Count), as well as Section 106.21 of Title 34, Code of Federal Regulations (Seventh Count). Accordingly, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims "aris[e] under the Constitution, laws, or treaties of the United States," and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

6. This Court also has original jurisdiction over all remaining state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to Plaintiff's federal law claims that they form part of the same case or controversy. *Strategic Envtl. Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 134 (D.N.J. 2016) (*quoting Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998)).

## II.  THE COURT HAS SUBJECT MATTER JURISDCITION BECAUSE THERE IS DIVERSITY JURISDICTION.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of costs and interest.

### A.   Complete Diversity of Citizenship Exists.

8. The Complaint alleges that Plaintiff resides within Hunterdon County, New Jersey, which makes him a citizen of New Jersey. (*See* Complaint, ¶ 1).

9. Defendant President and Fellows of Harvard College, also known as the Harvard Corporation, is a non-profit educational corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business at Massachusetts Hall, Cambridge, Massachusetts 02138. Accordingly, Harvard is a citizen of Massachusetts for purposes of federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("A corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business.").

10. Accordingly, there is complete diversity amongst the parties in interest.

**B.     The Amount in Controversy Requirement is Satisfied.**

11. Plaintiff seeks an unspecified amount of damages in the Complaint. However, it is apparent from the face of the Complaint that the amount in controversy, from Plaintiff's point of view, exceeds $75,000, exclusive of interest and costs. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

12. Plaintiff's Complaint seeks to recover damages arising from Harvard's alleged exclusion of Plaintiff from its Master of Liberal Arts program in the field of Management. The Complaint contains seven causes of action: five arising under state law: violation of the Consumer Fraud Act, Fraud, Negligent Misrepresentation, Breach of Contract, and Breach of Implied Covenant/Contracts of Good Faith and Fair Dealing, and two arising under federal law: Age Discrimination – Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.* and Gender Discrimination – Violations of Code of Federal Regulations Title 34, Title X.

13. In the First Count, Plaintiff alleges that Defendant's conduct was an "unconscionable commercial practice, deception, fraud, false pretense, false promise, and

misrepresentation in violation of New Jersey's Consumer Fraud Act, *N.J.S.A.* 56:8-1, et seq., and that as a result, Plaintiff "has suffered an ascertainable economic loss, past, present and future." (Compl., Count 1, ¶¶ 24, 27). Plaintiff seeks to recover damages, treble damages, statutory attorney's fees, and "pro se fees and consulting fees" as a result of the alleged violation.

14.     The *ad damnum* clause of the Complaint states that Plaintiff seeks relief for "[f]inancial injury, multimillion-dollar claim" based on "partial lost future income/net worth, 'but for damages;' reimbursement of partial expenses; [and] [p]ersonal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied[.]" (Compl., *ad damnum*, at p. 11). Accordingly, it is plausible from the face of the Complaint that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.

15.     In taking this position that the amount in controversy exceeds the jurisdictional minimum amount of $75,000, Harvard does not concede that plaintiff is entitled to recover, but only that the amount placed in controversy by Plaintiff exceeds the jurisdictional threshold.

16.     Because there is complete diversity and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction under 28 U.S.C. § 1332.

### III.    HARVARD HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

17.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of all process, pleadings, and orders from the state court.

18.     Harvard was served in this case on September 22, 2020. Removal is timely because Harvard is filing this removal within thirty days of receipt of the Complaint. *See* 28 U.S.C. § 1446(b).

5649804-1

19. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, County of Hunterdon. This Court is part of the "district and division embracing the place" where this action is pending. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a); 28 U.S.C. § 110.

20. Harvard will promptly serve upon Plaintiff and shall file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hunterdon County, a true and correct copy of this Notice of Removal. *See* 28 U.S.C. § 1446(d).

21. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

22. If any question arises as to the propriety of the removal of this action, Harvard requests the opportunity to present a written brief and conduct oral argument in support of its position that this case is removable.

23. Because the Complaint arises under federal law and there is diversity jurisdiction, for the reasons explained above, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1332, and 1441.

**WHEREFORE**, defendant President and Fellows of Harvard College (improperly pleaded as Harvard University) respectfully removes the above-captioned civil action, which is currently pending in the Superior Court of New Jersey, Law Division, Hunterdon County, to the United States District Court for the District of New Jersey.

-6-

Dated: October 19, 2020            By:    */s/ Jonathan P. McHenry*
                                                                           Jonathan P. McHenry
                                                                           Bryan A. Small
                                                                           Connell Foley LLP
                                                                           56 Livingston Avenue
                                                                           Roseland, NJ 07068
                                                                           Tel.: 973.535.0500
                                                                           Fax.: 973.535.9217

                                                                           *Attorneys for Defendant, President and Fellows of Harvard University (improperly pleaded as Harvard University)*

5649804-1