# EXHIBIT A

AFFIDAVIT OF SERVICE



P3742434

ROBERT A. BONAVITO

SUPERIOR COURT OF NEW JERSEY LAW DIVISION HUNTERDON COUNTY

ROBERT A. BONAVITO

                    - vs -               PLAINTIFF

HARVARD UNIVERSITY

                                    DEFENDANT

index No. HNT-L-000320-20

Date Filed

File No.

Court Date:

AFFIDAVIT OF SERVICE

STATE OF _MA_____, COUNTY OF _Middlesex_____ :SS:

_Paul Nardizzi_____, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of _MA___.

On _9/22/2020_____ at _6:52 pm_,

at _C/O CAMPUS POLICE 1030 MASSA AVE. CAMBRIDGE, MA 02138_ _6th Floor_

deponent served the within **CIVIL CASE INFORMATION STATEMENT, TRACK ASSIGNMENT NOTICE, DESIGNATION OF TRIAL SUMMONS COMPLAINT JURY DEMAND, , CERTS** on: **MR. BRADLEY ABRUZZI,** the **DEFENDANT** therein named. _Counsel_

____ #1 INDIVIDUAL — By delivering a true copy of each to said recipient personally; deponent knew the per be the person described as said person therein.

_X_ #2 CORPORATION — By delivering a true copy of each to _Maria Canino_____, persona

deponent knew the person so served to be the _Police Dept Sgt_____ of the corporation, and authorized to accept service on behalf of the corporation.

____ #3 SUITABLE AGE PERSON — By delivering a true copy of each to _____ a perso of suitable age and discretion. Said premises is **DEFENDANT**'s: [ ] actual place of business  [ ] dwelling house (usua abode) within the state.

____ #4 AFFIXING TO DOOR — By affixing a true copy of each to the door of said premises, which is **DEFENDANT**'s:[ of business  [ ] dwelling house (usual place of abode) within the state.

Deponent was unable, with due diligence to find **DEFENDANT** or a person of suitable ag discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

Address confirmed by _____

____ #5 MAIL COPY — On _____ I deposited in the United States mail a true copy of the aforer documents properly enclosed and sealed in a post-paid wrapper addressed to the above mailed 1st class mail marked personal and confidential not indicating on the outside return address or otherwise that said notice is from an attorney or concerns an actic person to be served.

_X_ #6 DESCRIPTION (USE WITH #1, 2 OR 3) — Deponent describes the person served as aforesaid to the best of deponent's the time and circumstances of the service as follows.

Sex: _F_      Color: _W_      Hair: _black_
Age: _30_     Height: _5-4"_    Weight: _150_
OTHER IDENTIFYING FEATURES: _____

____ #7 WITNESS FEES — The authorized witness fee and / or traveling expenses were paid (tendered) to the DI amount of $_____

____ #8 MILITARY SRVC — Deponent asked person spoken to whether the **DEFENDANT** was presently in military serv: United States Government or of the State of _____ and was informed that not.

____ #9 OTHER — Campus police are accepting all legal documents for now. 1030 Massa Ve, Cambridge, M

_Elena M Nardizzi_ 9/22/2020            _Paul_

NOTARY NAME & DATE



ELENA M. NARDIZZI
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
November 28, 2025

PM Legal, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 1-ROB-NJ-37424

AFFIDAVIT OF SERVICE



P3742434

ROBERT A. BONAVITO
SUPERIOR COURT OF NEW JERSEY LAW DIVISION HUNTERDON COUNTY

ROBERT A. BONAVITO

                                                PLAINTIFF        index No. HNT-L-000320-20
                        - vs -                                  Date Filed
                                                                File No.
HARVARD UNIVERSITY                                              Court Date:
                                                DEFENDANT       AFFIDAVIT OF SERVICE

STATE OF _____MA_____, COUNTY OF _Middlesex_ :SS:

_____Paul Nardizzi_____, being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age and resides in the State of __MA__.

On ___9/21/2020___ at ___11:14 am___,

at HARVARD UNIVERSITY, RICHARD A. AND SUSAN F. SMITH CAMPUS CENTER, SUITE 980 1350 MASS AVE  CAMBRIDGE, M

deponent served the within CIVIL CASE INFORMATION STATEMENT, TRACK ASSIGNMENT NOTICE, DESIGNATION OF TRIAL
SUMMONS COMPLAINT JURY DEMAND, , CERTS on: MR. BRADLEY ABRUZZI, the DEFENDANT therein named. counsel,

____#1 INDIVIDUAL    By delivering a true copy of each to said recipient personally; deponent knew the per
                     be the person described as said person therein.

____#2 CORPORATION   By delivering a true copy of each to _____
                                                                                                 person
                     deponent knew the person so served to be the_____
                     of the corporation, and authorized to accept service on behalf of the corporation.

____#3 SUITABLE      By delivering a true copy of each to _____ a perso
     AGE PERSON      of suitable age and discretion.
                     Said premises is DEFENDANT's: [ ] actual place of business  [ ] dwelling house (usua
                     abode) within the state.

____#4 AFFIXING      By affixing a true copy of each to the door of said premises, which is DEFENDANT's:[
     TO DOOR        of business  [ ] dwelling house (usual place of abode) within the state.

                     Deponent was unable, with due diligence to find DEFENDANT or a person of suitable ag
                     discretion, having called thereat
                     on the _____ day of _____ at _____
                     on the _____ day of _____ at _____
                     on the _____ day of _____ at _____
                     on the _____ day of _____ at _____
                     Address confirmed by _____

____#5 MAIL COPY     On _____ I deposited in the United States mail a true copy of the aforer
                     documents properly enclosed and sealed in a post-paid wrapper addressed to the above
                     mailed 1st class mail marked personal and confidential not indicating on the outside
                     return address or otherwise that said notice is from an attorney or concerns an actic
                     person to be served.

____#6 DESCRIPTION   Deponent describes the person served as aforesaid to the best of deponent's
(USE WITH #1, 2 OR  the time and circumstances of the service as follows.
3)                  Sex:_____      Color:_____     Hair:_____
                     Age:_____      Height:_____    Weight:_____
                     OTHER IDENTIFYING FEATURES: _____

____#7 WITNESS FEES  The authorized witness fee and / or traveling expenses were paid (tendered) to the DI
                     amount of $_____

____#8 MILITARY SRVC Deponent asked person spoken to whether the DEFENDANT was presently in military serv:
                     United States Government or of the State of _____ and was informed that
                     not.

____#9 OTHER  non served, all legal docs go to Campus police at 1030 Mass Ave
                                                                                          Cambridge
_Elena M Nardizzi_   9/23/2020                              _Paul_
NOTARY NAME & DATE

ELENA M. NARDIZZI
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
November 28, 2025

                                            PM Legal, LLC
                                            75 MAIDEN LANE 11TH FLOOR
                                            NEW YORK, NY 10038
                                            Reference No: 1-ROB-NJ-37424

## SUMMONS

Attorney(s) Robert A. Bonavito

Office Address 1812 Front Street

Town, State, Zip Code Scotch Plains, NJ 07076

Telephone Number 908-322-7719

Attorney(s) for Plaintiff Bradley E. Abruzzi

Robert A. Bonavito
###### Plaintiff(s)

vs.

Harvard University

###### Defendant(s)

# Superior Court of New Jersey

Hunterdon County

Law Division

Docket No: HNT L 000320 20

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 08/28/2020

Name of Defendant to Be Served: Bradley Abruzzi

Address of Defendant to Be Served: Harvard University, 1350 Mass. Ave. Suite 980, Cambridge, Mass. 02138-3834

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

BATCH NO: ___600___

DATE: __8/29/2020__

PAYMENT: CT

CK/MO #: 101000915

AMOUNT: $250.00

PREPARER: __LD__

**Robert A. Bonavito-Pro Se**
1812 Front street
Scotch Plains, NJ 07076
908-322-7719
robert@rabcpafirm.com
Pro Se Plaintiff

| | |
|---|---|
| Robert A. Bonavito,      Plaintiff,<br><br>                    v.<br><br>Harvard University,<br><br>                    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  HUNTERDON COUNTY<br>DOCKET NO.:  L-      -10<br><br>**Civil Action**<br><br>**COMPLAINT** |

Pro Se Plaintiff alleges and complains of the defendant as follows:

**The Parties**

1.  Plaintiff is an individual residing within Hunterdon County, the State of New Jersey.

2.  Upon information and belief Defendant is a for profit business operating as a nonprofit corporation (in name only) that is registered in the State of Massachusetts. Some of the services and products offered by Defendant include educational classes, certificates, degrees, periodicals, research material, product licensing, vocational training, and career guidance services and support.

3.  Classes and other products were purchased, used and paid for in Hunterdon County, the State of New Jersey during the years 2017 through 2020 by Plaintiff.

1

## Factual Background

4.  Plaintiff started his first class at Harvard Extension School "HES" in the spring of 2017 in Hunterdon County,  the State of New Jersey, and plaintiff was issued student identification number 91288818-0.

5.  As a student of HES, being able to apply and/or admittance to the various master's programs was based on completing several prerequisite courses and passing the entrance exams.

6.  As a student Plaintiff was also required to purchase many other products such as Harvard Case Studies and books for which HES would receive fees.

7.  Plaintiff's purpose of entering the program was to receive a Master of Liberal Arts, Management or Finance ALM degree "ALM". Plaintiff met all requirements to be admitted into the program.

8.  On the basis of their advertisements HES created a contract under which if Plaintiff passed the admittance exams and requirements Plaintiff would be allowed to apply and/or be admitted to the ALM program.

9.  This contract required HES to comply with all their internal rules. HES violated Plaintiff's contract by not complying with their own rules regarding treatment of students and evaluation of prior coursework.

10. Once in the program, Plaintiff learned that there was a hidden policy that prevented plaintiff from applying and entering the program. This is clearly an unfair deceptive act and practice that HES willfully engaged in.

11. The policy states that if you have a master's degree, you can only apply and be admitted if the current degree is "significantly different" than the one offered at Harvard.  Plaintiff does have a Masters of Business Administration with a concentration in finance that was issued in 1992; the courses the Plaintiff would be taking for the HES ALM would be "significantly different" than the ones taken over 28 years ago.

12. The policy as enforced by HES resulted in a selection process that discriminated based on age and gender. Specifically excluding older males such as the Plaintiff.

13.   After requesting that HES review Plaintiff's transcripts from 1992, Plaintiff received an email stating that Plaintiff would not be qualified to apply or be admitted to the program **based on the description** of the courses. After emails and discussions with HES staff it became obvious that HES had no method or metrics in order to implement their own policy. This further compounded and added to the egregious deceptive acts and practices that HES inflicted on Plaintiff.

*14.*   Many younger students with similar MBA's, transcripts and degrees were allowed to apply and/or be admitted to ALM program in both finance and management. HES made written certification to Plaintiff that MBA holders were not allowed to apply to the ALM program. *"... the only reason you are excluded is the fact you already hold an MBA – since all MBA holders are excluded ..."*

15.   HES allowed students with prior MBA's in finance to reapply to ALM Finance and Management programs while denying Plaintiff the ability to apply. Many of the students received emails that invited them to reapply and be admitted to the ALM programs. The Email's stated *"... an effort to keep student's knowledge and skills relevant" and "set up an individual appointment"* at the same time they denied the plaintiff with a 28 year old MBA the opportunity to apply.

16.   Plaintiff's attempts to understand why he was prevented from applying to ALM were met with complete disregard by HES and Harvard. This was a clear violation of the *University's Statement on Rights and Responsibilities*.

17.   Responses to Plaintiffs concerns were met with threats from Harvard's Lawyers that stated, *"...we will litigate past endurance..."*

### FIRST COUNT
### Consumer Fraud Act

18.   The Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

19.   Upon information and belief Defendant operates within the State of New Jersey and presents itself as a properly and legally registered business.

20.   Plaintiff and Defendant are "persons" within the intention of New Jersey's Consumer Fraud Act, N.J.S.A., 56:8-1, et. seq.

21.   The conduct of the Defendant with regard to Plaintiff was in violation of said Act.

22.   Defendant, with the sole purpose of obtaining and deriving an unlawful and improper financial gain, knowingly, willfully and intentionally, maliciously, and/or with reckless disregard of the rights of Plaintiff;

      a.   Misrepresented to Plaintiff that notwithstanding Plaintiffs' the Plaintiff's sole purpose for entering HES was to apply and/or receive the ALM degree.

      b.   Plaintiff met all the criteria to apply and be admitted to the program but was inappropriately denied the ability to apply and/or be admitted.

      c.   Misrepresented to Plaintiff including that they would properly evaluate his classes taken in 1992 in accordance with the rules and procedures that HES required.

23.   Defendant and its agents, by their conduct, actions, representation, misrepresentation, omissions, and failure to act, with an intent to achieve and obtain an undue and unlawful advantage over the Plaintiff, did in fact achieve and obtain an undue and unlawful advantage over the Plaintiff, and did unlawfully and fraudulently induce the Plaintiff into entering into said contract.

24.   Defendant's conduct is an unconscionable commercial practice, deception, fraud, false pretense, false promise, and misrepresentation in violation of New Jersey's Consumer Fraud Act, N.J.S.A., 56:8-1, et. seq.

25.   Defendant sent private emails to students with similar transcripts as the Plaintiff so that they could apply and be admitted to the ALM program in both finance and management.

26.   As a direct and proximate result of Defendants conduct, Plaintiff has suffered an ascertainable economic loss, past, present and future.

27.   Rather than properly investigate the Plaintiff's concerns, HES's response was "…we will litigate past endurance…"

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

### SECOND COUNT
**Fraud**

28.    The Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

29.    Defendant, with the sole purpose of deriving an unlawful and improper financial gain, knowingly, willfully, and intentionally, and/or with reckless disregard of the rights of Plaintiff;

a.    Misrepresented to Plaintiff that notwithstanding Plaintiff, the Plaintiff's sole purpose for applying to and entering HES was to apply and/or receive the ALM degree.

b.    In appealing the decision not to properly review Plaintiff's transcripts, Plaintiff brought this to the attention of various administrators who blatantly ignored Harvard's and HES rules and ethics which state the following:

*"Moreover, it is the responsibility of all members of the academic community to maintain an atmosphere in which violations of rights are unlikely to occur and to develop processes by which these rights are fully assured. In particular, it is the responsibility of officers of administration and instruction to be alert to the needs of the University community; to give full and fair hearing to reasoned expressions of grievances; and to respond promptly and in good faith to such expressions and to widely expressed needs for change. In making decisions which concern the community as a whole or any part of the community, officers are expected to consult with those affected by the decisions. Failures to meet these responsibilities may be profoundly damaging to the life of the University. Therefore, the University community has the right to establish orderly procedures consistent with imperatives of academic freedom to assess the policies and assure the responsibility of those whose decisions affect the life of the University."*

c.    Misrepresented to Plaintiff that Plaintiff would be entitled to apply and/or receive the ALM degree at HES once all the requirements were met.

d.    HES utilized age discrimination in denying Plaintiff admittance to the ALM program.

5

    e.    HES's actions constitute a clear violation of Title IX section 106.21 admissions.

    f.    Upon information and belief Defendant represented that it was able to offer online education programs within the state of New Jersey..

30.    HES told Plaintiff he could not enter or apply to the ALM program if he had a prior MBA, at the same time they were allowing other students with prior MBA's to apply and/or be admitted into the ALM program. Plaintiff was sent a letter advising him the following ***"... the only reason you are excluded is the fact you already hold an MBA – since all MBA holders are excluded ..."***

**31.**    Such representations and statements were false and known to be false by the Defendant at the time they were made ***"You cannot already have or be in the process of earning a master's degree in management or related field."***

32.    Plaintiff reasonably relied upon the Defendants' false representations and omissions.

33.    Defendant was aware that private emails were sent to invite specific students to apply to the ALM program who had similar transcripts as Plaintiff. The email stated the following ***"...an effort to keep student's knowledge and skills relevant." "set up an individual appointment"***". The Plaintiff's 28-year-old MBA was not considered outdated?

34.    Plaintiff was specifically denied access to apply to the ALM program.

35.    By reason of Defendants' conduct, Plaintiff has suffered substantial economic damages.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which plaintiff may be entitled.

## THIRD COUNT
### Negligent Misrepresentation

36.    The Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

37.   Defendant owed Plaintiff a duty to ensure that its representations to plaintiff were accurate, and the HES rules and policies were to be completed promptly and in a workman like manner.

38.   The Defendant negligently:

    a.   Misrepresented to Plaintiff that notwithstanding Plaintiff, the Plaintiff's sole purpose for applying to and entering HES was to apply and/or receive the ALM degree.

    b.   Misrepresented to Plaintiff that all students were held to the same criteria.

    c.   Misrepresented to Plaintiff that HES would properly evaluate his 1992 course work in accordance with HES school policy.

    d.   Misrepresented to Plaintiff that he would be entitled to apply and/or receive the ALM degree.

39.   HES utilized age discrimination in denying Plaintiff admittance to the ALM program.

40.   HES's actions constitute a clear violation of Title IX section 106.21 admissions.

41.   The Plaintiff reasonably relied upon the Defendant's misrepresentations and omissions.

42.   Defendant breached its duty to Plaintiff to ensure that its representations to Plaintiff were accurate, and the installation was completed promptly and in a workman like manner.

43.   As a direct and proximate cause of the defendants' negligent misrepresentations and omissions, the Plaintiff was thereby induced to contract with Defendant and has suffered a substantial monetary loss in both time, fees and future earnings.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

## FOURTH COUNT
### Breach of Contract

44. The Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

45. The Defendant, without justification or excuse, has failed to satisfactorily perform all of their obligations under the terms and conditions of said contract with the Plaintiff.

46. As a direct and proximate cause of the Defendants' breach of contract, the Plaintiff has suffered a substantial monetary loss.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which plaintiff may be entitled.

## FIFTH COUNT
### Breach of Implied Covenant/Contracts of Good Faith and Fair Dealing

47. The Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

48. Implied in the terms of the contract is Defendant's representation and warranty that Plaintiff was eligible to obtain the ALM degree at HES.

49. Defendant breached its obligation by not properly implementing its own policies when reviewing Plaintiff's transcripts.

50. As a direct and proximate cause of the Defendants' breach of contract, the Plaintiff has suffered a substantial monetary loss in the value of Plaintiffs' future net worth and income.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which plaintiff may be entitled.

## SIXTH COUNT
### Age Discrimination
### Age discrimination Act of 1975

51. The plaintiff repeats all prior allegations and incorporate same herein as if set forth in full.

52. Plaintiff is a 59-year-old male.

53. Upon information and belief the US Department of Education, National Center for Education Statistics shows that HES utilized age discrimination in denying the Plaintiff the ability to apply and/or be admitted to the ALM program. This was brought to the attention of Division of Continuing Education Grievance Process "DOC Grievance Process".

54. HES allowed younger students with prior MBA's to reapply to ALM programs while denying the Plaintiff the ability to apply. Many of the students received private emails that invited them to reapply and be admitted to ALM programs, emails stated **"...an effort to keep students knowledge and skills relevant" and**; **"set up an individual appointment"** at the same time they denied the Plaintiff with a 28 year old MBA the opportunity to apply.

55. DOC's website explains its mandate as follows:

    *The Schools of Harvard University do not discriminate on the basis of sex, race, color, age, national origin, religion, sexual orientation, disability, veteran status, gender identity and expression, or other legally or policy protected status in the university's services, educational programs, and activities.*

56. Based on Plaintiffs discussions with ODR and the written policy of DOC Plaintiff would expect that Plaintiff's age discrimination grievances would be fully investigated. Defendant refused to fully investigate any of the allegations, instead Plaintiff was ignored and lied to *"... the only reason you are excluded is the fact you already hold an MBA – since all MBA holders are excluded...."*

WHEREFORE plaintiff demands judgment against defendant in accordance with Age discrimination Act of 1975 and <u>N.J.S.A.</u>, 56:8-1 <u>et. seq.</u> for damages, treble damages, statutory attorney's fees Pro Se fees and consulting fees, pre and post-

judgment interest, costs of suit; and for such other relief to which plaintiff may be entitled.


### SEVENTH COUNT
### Gender Discrimination
### Violations of Code of Federal Regulations Title 34, Title IX

57.  The Plaintiff repeats all prior allegations and incorporate same herein as if set forth in full.

58.  Plaintiff is a 59-year-old male that earned Masters of Business Administration degree in 1992.

59.  The current act of gender discrimination occurred on August 20, 2020.

60.  Upon information and belief, the US Department of Education, National Center for Education Statistics shows that the HES criteria for applying to and/or being admitted into the ALM program discriminated based on Plaintiff's gender.

61.  HES's policy specifically targets male students that earned MBAs in 1992. HES's policies were utilized by the Defendant in order to disallow the Plaintiff from applying to the ALM program.

62.  HES denied Plaintiff ability to apply and/or be admitted to the program. This is a clear violation of Title IX section 106.21 admissions which states the following:

*Section 106.21  Admission.*

*(a) General. <u>No person shall, on the basis of sex, be denied admission</u>, or be subjected to discrimination in admission, by any recipient to which this subpart applies, except as provided in §§106.16 and 106.17.*

*(b) Specific prohibitions. (1) In determining whether a person satisfies any policy or criterion for admission, or in making any offer of admission, a recipient to which this subpart applies shall not:*

10

(i) Give _preference to one person over another on the basis of sex, by ranking applicants separately on such basis, or otherwise._

(ii) Apply numerical limitations upon the number or proportion of persons of either sex who may be admitted; or

(iii) Otherwise treat one _individual differently from another on the basis of sex._

(2) A recipient shall _not administer or operate any test or other criterion for admission which has a disproportionately adverse effect on persons on the basis of sex unless the use of such test or criterion is shown to predict validly success in the education program or activity in question and alternative tests or criteria which do not have such a disproportionately adverse effect are shown to be unavailable._

WHEREFORE Plaintiff demands judgment against Defendant in accordance with Title 9 and N.J.S.A., 56:8-1 et. seq. for injunctive relief and the university immediately cease gender discrimination and level the playing field, damages, attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which plaintiff may be entitled.

## **Relief**

Financial injury, multimillion-dollar claim will be based on the following:

1. Partial lost future income/net worth, "but for damages"
2. Reimbursement of partial expenses
3. Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied
   Injunction legal equitable remedy, specific performance

4.      All current and past Harvard University and ALM finance and management candidates or degree students who had prior MBA's or similar type education, that were admitted based on age or gender discrimination have degrees immediately revoked.

**or**

5.      For Plaintiff's immediate admission to the HES's ALM program in management or finance.

6.      For all completed, current courses or enrolled courses to be immediately evaluated and,

7.      Receive a determination as to what if any course requirements remain to graduate and for such an evaluation to be undertaken by an admissions advisor.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**DESIGNATION OF TRIAL COUNSEL PURSUANT TO R. 4:5-1 (c)**

Robert A. Bonavito is hereby designated as trial Pro Se counsel for the Plaintiff.

Robert A. Bonavito Pro Se
1818 Front Street
Scotch Plains, NJ 07076
908-322-7719
robert@rabcpafirm.com

By: _____
Robert A. Bonavito

Dated:  August 28, 2020

12

## CERTIFICATION PURSUANT TO R.4:5-1

I hereby certify that to the best of my belief, the matter in controversy is not the subject of any action pending in any court or arbitration proceeding and that no other action or arbitration is contemplated.

Robert A. Bonavito

Dated:  August 28, 2020

## CERTIFICATION PURSUANT TO N.J.S.A. 56:8-20

I hereby certify that the Plaintiff mailed a copy of this Complaint to the Attorney General of the State of New Jersey on August 10, 2010, to the following address:

Office of the Attorney General
PO Box 080
Trenton, NJ 08625-0080

Robert A. Bonavito

Dated: August 10, 2010

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| For Use by Clerk's Office Only |
|---|
| Payment type: ☐ ck ☐ cg ☐ ca |
| Chg/Ck Number: |
| Amount: |
| Overpayment: |
| Batch Number: |

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Robert A Bonavito | (908) 322-7719 | Hunterdon |

| Firm Name (If applicable) | Docket Number (when available) |
|---|---|
| | |

| Office Address | Document Type |
|---|---|
| 1812 Front Street | Complaint |
| Scotch Plains, NJ 07076 | Jury Demand     ■ Yes     ☐ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Robert A. Bonavito, Plaintiff | Robert A. Bonavito v. Harvard University |

| Case Type Number (See reverse side for listing) | Are sexual abuse claims alleged? ☐ Yes ■ No | Is this a professional malpractice case?     ☐ Yes ■ No |
|---|---|---|
| 599 | | If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit. |

| Related Cases Pending? ☐ Yes ■ No | If "Yes," list docket numbers |
|---|---|

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? ☐ Yes ■ No | Name of defendant's primary insurance company (if known)     ☐ None     ☐ Unknown |
|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

| Do parties have a current, past or recurrent relationship? ■ Yes ☐ No | If "Yes," is that relationship? ☐ Employer/Employee ☐ Familial | ☐ Friend/Neighbor ☐ Business | ■ Other (explain) Student v Business |
|---|---|---|---|

| Does the statute governing this case provide for payment of fees by the losing party?     ☐ Yes ■ No |
|---|

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

| Do you or your client need any disability accommodations? ☐ Yes ■ No | If yes, please identify the requested accommodation: |
|---|---|
| Will an interpreter be needed? ☐ Yes ■ No | If yes, for what language? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *[signature]*

Revised Form Promulgated by 01/31/2020 Notice to the Bar, CN 10517 (Appendix XII-B1)

page 1 of 2

**Side 2**

# Civil Case Information Statement
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

### CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days discovery**

| | | | | |
|---|---|---|---|---|
| 151 | Name Change | | 506 | PIP Coverage |
| 175 | Forfeiture | | 510 | UM or UIM Claim (coverage issues only) |
| 302 | Tenancy | | 511 | Action on Negotiable Instrument |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) | | 512 | Lemon Law |
| | | | 801 | Summary Action |
| 502 | Book Account (debt collection matters only) | | 802 | Open Public Records Act (summary action) |
| 505 | Other Insurance Claim (including declaratory judgment actions) | | 999 | Other (briefly describe nature of action) |

**Track II - 300 days discovery**

| | | | | |
|---|---|---|---|---|
| 305 | Construction | | 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) | | 605 | Personal Injury |
| | | | 610 | Auto Negligence – Property Damage |
| 599 | Contract/Commercial Transaction | | 621 | UM or UIM Claim (includes bodily injury) |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) | | 699 | Tort – Other |

**Track III - 450 days discovery**

| | | | | |
|---|---|---|---|---|
| 005 | Civil Rights | | 608 | Toxic Tort |
| 301 | Condemnation | | 609 | Defamation |
| 602 | Assault and Battery | | 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 604 | Medical Malpractice | | | |
| 606 | Product Liability | | 617 | Inverse Condemnation |
| 607 | Professional Malpractice | | 618 | Law Against Discrimination (LAD) Cases |

**Track IV - Active Case Management by Individual Judge / 450 days discovery**

| | | | | |
|---|---|---|---|---|
| 156 | Environmental/Environmental Coverage Litigation | | 514 | Insurance Fraud |
| 303 | Mt. Laurel | | 620 | False Claims Act |
| 508 | Complex Commercial | | 701 | Actions in Lieu of Prerogative Writs |
| 513 | Complex Construction | | | |

**Multicounty Litigation (Track IV)**

| | | | | |
|---|---|---|---|---|
| 271 | Accutane/Isotretinoin | | 601 | Asbestos |
| 274 | Risperdal/Seroquel/Zyprexa | | 623 | Propecia |
| 281 | Bristol-Myers Squibb Environmental | | 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 282 | Fosamax | | 625 | Firefighter Hearing Loss Litigation |
| 285 | Stryker Trident Hip Implants | | 626 | Abilify |
| 286 | Levaquin | | 627 | Physiomesh Flexible Composite Mesh |
| 289 | Reglan | | 628 | Taxotere/Docetaxel |
| 291 | Pelvic Mesh/Gynecare | | 629 | Zostavax |
| 292 | Pelvic Mesh/Bard | | 630 | Proceed Mesh/Patch |
| 293 | DePuy ASR Hip Implant Litigation | | 631 | Proton-Pump Inhibitors |
| 295 | AlloDerm Regenerative Tissue Matrix | | 632 | HealthPlus Surgery Center |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components | | 633 | Prolene Hernia System Mesh |
| 297 | Mirena Contraceptive Device | | | |
| 299 | Olmesartan Medoxomil Medications/Benicar | | | |
| 300 | Talc-Based Body Powders | | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category**  ☐ **Putative Class Action**      ☐ **Title 59**      ☐ **Consumer Fraud**

Revised Form Promulgated by 01/31/2020 Notice to the Bar, CN 10517 (Appendix XII-B1)

HUNTERDON COUNTY JUSTICE CENTER
CIVIL DIVISION
65 PARK AVE
FLEMINGTON        NJ 08822

                                          TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 824-9750
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:  AUGUST 31, 2020
                        RE:    BONAVITO ROBERT  VS HARVARD UNIVERSITY
                        DOCKET: HNT L -000320 20

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MICHAEL F. ONEILL

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (908) 824-9750.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ROBERT A. BONAVITO
                              1812 FRONT STREET
                              SCOTCH PLAINS    NJ 07076


JUTRAM0