**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT BONAVITO,

    Plaintiff,

v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

    Defendant.

Civil Action No. 20-14657 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant President and Fellows of Harvard College's ("Harvard" or "Defendant") (improperly pleaded as Harvard University) Motion to Dismiss (ECF No. 7) pro se Plaintiff Robert Bonavito's ("Plaintiff") Complaint (ECF No. 1-2) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).[1] Plaintiff opposed (ECF No. 8), Defendant replied (ECF No. 12), and Plaintiff filed a Sur-Reply (ECF No. 13). This matter also comes before the Court upon Plaintiff's Motion for Leave to Amend. (ECF No. 17.) Defendant opposed (ECF No. 20), and Plaintiff replied (ECF No. 23). The Court has carefully considered the Parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth herein, Defendant's Motion to Dismiss is denied, Defendant's alternative Motion to Transfer Venue is granted, and Plaintiff's Motion to Amend is denied.

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

## I.  BACKGROUND

Defendant President and Fellows of Harvard College is the legal entity that comprises Harvard University, with its principal place of business in Cambridge, Massachusetts. (Def.'s Moving Br. 1, ECF No. 7-1.) Harvard Extension School ("HES") is a unit within Harvard University and offers online and nonresidential undergraduate and graduate degree programs. (*Id.*) Plaintiff seeks damages in connection with Defendant's position that Plaintiff is ineligible to apply for admission in HES's Master of Liberal Arts ("ALM") program in Finance or Management. (*See* Compl. ¶¶ 4–17, ECF No. 1-2.) Specifically, Plaintiff alleges that in 2017, he began taking online prerequisite courses at HES with the intent to eventually apply for admission to the HES ALM program for a degree in Finance or Management. (*Id.* ¶ 7.) Plaintiff further alleges that based on Defendant's advertisements, the parties "created a contract under which if Plaintiff passed the admittance exams and requirements Plaintiff would be allowed to apply and/or be admitted to the ALM program." (*Id.* ¶ 8.)

Plaintiff claims that Defendant violated the contract by "not complying with [its] own rules regarding the treatment of students and evaluation of prior coursework." (*Id.* ¶ 9.) Plaintiff alleges that Defendant has a "hidden policy" that prevented Plaintiff from entering this program. (*Id.* ¶ 10.) The policy states that "if you have a master's degree, you can only apply and be admitted if the current degree is 'significantly different' than the one offered at Harvard." (*Id.* ¶ 11.) Plaintiff received a master's degree with a concentration in finance in 1992 but claims that the courses he would be taking for the HES ALM would be "significantly different" than the ones taken for his master's degree. (*Id.*) Plaintiff asserts that Defendant's policy discriminates against him on the basis of age and gender and claims that HES had "no method or metrics in order to implement [its]

own policy." (*Id.* ¶¶ 12–13.) Plaintiff also alleges that younger students with similar master's degrees were allowed to apply and/or were admitted to the ALM program in both Finance and Management. (*Id.* ¶ 14.)

## II. DISCUSSION

### A. The Court Does Not Have Personal Jurisdiction Over Defendant

For the purposes of a motion to dismiss pursuant to Rule 12(b)(2), the "plaintiff must prove by affidavits or other competent evidence that [personal] jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (internal quotation marks and citation omitted). When the district court does not hold an evidentiary hearing, "the plaintiff need only make a prima facie case of personal jurisdiction and . . . is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007); *see Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). With respect to the present case, the Court will examine each, in turn.

#### 1. General Jurisdiction

General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 119, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF*

3

*Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 137; *Goodyear*, 564 U.S. at 924). "[I]n an 'exceptional case,' a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19). "[T]he inquiry [in *Daimler*] 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *Id.* at 1559 (third alteration in original).

Plaintiff contends that Defendant has "continuous and systematic contacts with the State of New Jersey," and that "Defendant['s] connections span the state, and are composed of professors giving lectures, teaching, grants, competing in athletic events and many other interactions in the state of New Jersey." (Pl.'s Opp'n Br.16, ECF No. 8-1.) Further, Plaintiff claims Harvard "deliberately advertise[s] and market[s] [its] products and services to New Jersey residents." (*Id.*) The Third Circuit, however, has continuously held that advertisements are not sufficient to exercise personal jurisdiction over an out-of-state university. *See Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542 (3d Cir. 1985) (holding that advertising in the New York Times and Wall Street Journal did not constitute "continuous and substantial" contacts with the forum state); *Pop Test Cortisol, LLC v. Univ. of Chi.*, No. 14-7174, 2015 WL 3822237, at *3 (D.N.J. June 18, 2015) ("[A] district court does not have general jurisdiction over a non-resident university based on typical university-type activities in a forum, such as fundraising and recruiting."); *Pinninti v. NRI Med. Coll. (NRIAS)*, No. 09-5356, 2010 WL 2483992, at *20–21 (D.N.J. June 4, 2010) ("Awareness that the NRIAS website could be accessed from New Jersey and that New Jersey residents might apply for admission after viewing the information on the website 'does not mean that [NRIAS] purposefully directed [its] activities at residents of' New

4

Jersey or purposefully availed itself of doing business with New Jersey citizens."). Additionally, an out-of-state institution offering online courses that may be taken by New Jersey residents is insufficient to establish personal jurisdiction. *See Murray v. John Wood Cnty. Coll.*, 2020 WL 4670927, at *3–5 (D.N.J. Aug. 12, 2020) (finding that an Illinois-based community college's website which informs out-of-state students they can attend online classes failed to establish personal jurisdiction in New Jersey).

Here, Plaintiff cannot establish that this Court has personal jurisdiction over Defendant based on its university-like activities in New Jersey and advertisements that anyone, in any jurisdiction, can access and view. Harvard is organized under the laws of Massachusetts, with its principal place of business in Massachusetts and is not incorporated, registered, or licensed to do business in the State of New Jersey. (*See* Def.'s Reply Br. 8, ECF No. 12.) The Court does not find that this is one of the "exceptional" cases in which a corporate defendant is essentially "at home" in the forum state. *Daimler*, 571 U.S. at 139 n.19. Therefore, Massachusetts, and not New Jersey, is the correct forum in which Harvard is subject to general personal jurisdiction. *See Edwards v. Mich. State Univ.*, No. 20-2086, 2020 WL 6336167, at *3–4 (D.N.J. Oct. 29, 2020) (holding that Michigan State University was subject to general personal jurisdiction in Michigan in a suit brought in the District of New Jersey arising out of alleged sexual harassment by former employees of defendant).

### 2. Specific Jurisdiction

Specific jurisdiction exists where: (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) the exercise of jurisdiction "comports with fair play and substantial justice." *O'Connor*, 496

5

F.3d at 317 (internal quotation marks and citation omitted). "The defendant need not be physically located in the state while committing the alleged acts." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 528 (D.N.J. 2013) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). "Nor is specific jurisdiction defeated merely because the bulk of the harm occurred outside the forum." *Id.* (*citing Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)).

Plaintiff argues that this Court has specific jurisdiction over Defendant because Harvard has purposefully availed itself of New Jersey's laws by aiming advertisements at New Jersey residents and that his personal enrollment at HES further shows that Harvard directed its activities at New Jersey. (Pl.'s Opp'n Br. 16-19.)

Plaintiff fails to raise a prima facie case that Harvard specifically targeted New Jersey residents. Plaintiff did not show that Harvard placed advertisements in New Jersey or that there were HES advertisements purposefully targeted at New Jersey residents.

> [T]he mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Additionally, Plaintiff's contention that Defendant's marketing created a "continuing obligation with residents of New Jersey" does not provide grounds for specific personal jurisdiction.

Defendant also argues, and the Court agrees, that "[a]lleged negotiation of a contract with a party in New Jersey is not sufficient to establish personal jurisdiction over a non-resident, particularly where the non-resident is an institution of higher education." (*See* Def.'s Moving Br.

6

10–11 (citing *Gehling*, 773 F.2d at 542).) *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 539 (D.N.J. 2002) ("the act of entering into a contract with a foreign jurisdiction, without more, cannot serve as a basis for asserting personal jurisdiction over a nonresident defendant."). Further, this Court has rejected the notion that personal jurisdiction can be established over institutions of higher learning in the students' home states due to their recruitment of out-of-state students and their attendance at the university. *See, e.g., Doerr v. Univ. of Del.*, No. 16-02738, 2017 WL 2495169, at *2–3 (D.N.J. June 9, 2017).

Plaintiff also fails to establish how the litigation arises out of Defendant's purposeful activities in New Jersey and "how the exercise of jurisdiction otherwise comports with fair play and substantial justice." *See O'Connor*, 496 F.3d at 317. As summarized by Defendant, "[a]s all of the actions taken by Harvard directed to Plaintiff in New Jersey were in response to Plaintiff's actions or requests, there is nothing in the record to demonstrate that Harvard purposefully availed itself of the privilege of conducting activities within New Jersey." (Def.'s Opp'n Br. 12.) Here, the Court finds that Plaintiff has failed to demonstrate the Court's specific jurisdiction over Defendant.

### B. Venue is Not Proper in the District of New Jersey

Motions to dismiss based on improper venue are governed by Rule 12(b)(3). The burden is on the moving party to show improper venue. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, No. 13-2609, 2014 WL 1334260, at *4 (D.N.J. Apr. 2, 2014). In addition, a court must accept the complaint's allegations as true, unless contradicted by the defendant. *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). In cases with multiple claims, venue must be proper as to each claim. *Fortay v. Univ. of Miami*, No. 93-3443, 1994 WL 62319, at *12 n.19

7

(D.N.J. Feb. 17, 1994); *see also Fesniak v. Equifax Mortg. Servs. LLC*, No. 14-3728, 2015 WL 2412119, at *9 (D.N.J. May 21, 2015).

A case may be brought in a venue where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2) ("Section 1391"). The test for determining proper venue under Section 1391 is not the defendant's contacts with the district, but the locations of those events or omissions giving rise to the claim. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). Moreover, "events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Daimler Chrysler Corp. v. Askinazi*, No. 99-5581, 2000 WL 822449, at *6 (E.D. Pa. June 26, 2000) (citations and internal quotation marks omitted). The events must have been substantial under Section 1391 for venue to be proper. *Pa. Gear Corp. v. Fulton*, No. 98-1538, 1999 WL 80260, at *2 (E.D. Pa. Jan. 26, 1999). In order to determine if the act which gave rise to the claim is substantial, "it is necessary to look at the nature of the dispute." *Cottman Transmission Sys.*, 36 F.3d at 295.

Plaintiff argues that "New Jersey is the only appropriate venue for this matter." (Pl.'s Opp'n Br. 22.) According to Plaintiff, "Defendant has unlimited resources and a New Jersey law firm that is fully familiar with all of the matters of this case. Under the circumstances, New Jersey is both convenient and just for the Defendant." (*Id.* at 21.) In opposing transfer, Plaintiff conflates personal jurisdiction arguments with venue arguments.

New Jersey is an improper venue under 28 U.S.C. § 1391. It is undisputed that the sole defendant in this matter is a resident of Massachusetts. Section 1391(b)(1) therefore does not apply here. *See* 28 U.S.C. § 1391(b)(1) (providing that a civil action may be brought in a district in which

any defendant resides). New Jersey is also not the proper forum under Section 1391(b)(2), which provides that venue may be appropriate in a district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). A substantial part of the events giving rise to the claim in the present case occurred in Massachusetts. For example, Harvard fielded Plaintiff's inquiries in Massachusetts, HES reviewed Plaintiff's application in Massachusetts, HES considered Plaintiff's appeal in Massachusetts, and the Admissions Office and HES officials made their decisions and took actions in Massachusetts. (*See* Def.'s Moving Br. 4–5.) Here, Defendant has established that venue is improper in New Jersey.

### C.     The Court Finds Good Cause for Transfer

A federal district court may transfer a civil action to a different venue under 28 U.S.C. § 1406(a) ("Section 1406") or 28 U.S.C. § 1404(a) ("Section 1404"). Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a). Section 1404 states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a). The Third Circuit has explained that Section 1406 "applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). "Section 1404[] provides for the transfer of a case where both the original and requested venue are proper." *Id.* When deciding a motion to transfer venue pursuant to Section 1404, a district court should be mindful that "the plaintiff's choice of venue should not be lightly disturbed." *Id.* at 879.

9

1.  Section 1406

The Court found that Plaintiff's New Jersey venue choice was improper. The Court, nevertheless, finds that Plaintiff's complaint was filed in good faith and finds that transfer pursuant to Section 1406 is appropriate. The Court, consequently, grants Defendant's alternative Motion to Transfer Venue.

2.  Section 1404

Even if venue were appropriate in New Jersey, the Court would reach the same result pursuant to Section 1404. When evaluating a motion to transfer pursuant to Section 1404, the Court must balance various private and public interests related to the transfer. *Jumara*, 55 F.3d at 879. The private interest factors include:

> (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .

*Id.* (citations omitted). The public interest factors include:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home[;] (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted).

With respect to the private interest factors, Plaintiff's choice of venue weighs against transfer. Defendant's preference and where the claim arose both weigh in favor of transfer. The convenience of the parties as indicated by their relative physical and financial condition may weigh

slightly in favor of Plaintiff, who argued that he has limited resources and lacks the ability to travel out of state on a consistent basis. (Pl.'s Opp'n Br. 21.) Plaintiff, however, included no details or substantiation with respect to this factor. The convenience of the witnesses and the location of books and records are neutral factors.

With respect to the public interest factors, the enforceability of the judgment is a neutral factor. Practical considerations that could make the trial easy, expeditious, or inexpensive is a neutral factor. The relative administrative difficulty in the two fora resulting from court congestion weighs in favor of transfer. The District of New Jersey currently has four judicial vacancies (and until very recently had six judicial vacancies), while the District of Massachusetts has two. *See* Current Judicial Vacancies, https://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last visited June 28, 2021).

The local interest in deciding local controversies at home weighs in favor of transfer. While it is true that New Jersey has an interest in protecting its residents, Massachusetts also has an interest in resolving a controversy regarding an institution of higher education in its jurisdiction. Massachusetts's interest is particularly substantial, as the alleged misconduct from which this action arises took place in the District of Massachusetts. *See In re USA Techs., Inc. Sec. Litig.*, No. 18-13759, 2019 WL 4785780, at *4 (D.N.J. Sep. 30, 2019) ("Pennsylvania has a greater interest in this case than New Jersey as the alleged misrepresentations were made in Pennsylvania by a Pennsylvania company. Pennsylvania courts are particularly suited to addressing these claims because Pennsylvania is the center of gravity and Pennsylvania has a strong interest in regulating activity within its borders."). The public policies of the fora is a neutral factor. Finally, the familiarity of the trial judge with the applicable state law in diversity cases is a neutral factor

11

because New Jersey and Massachusetts courts are both capable of applying the relevant state law. Although some factors either favor Plaintiff or are neutral, the factors overall weigh in favor of transfer.

## D. Plaintiff's Motion to Amend is Denied

Plaintiff's proposed Amended Complaint (ECF No. 17-3) seeks to add an additional claim under the Family Educational Rights and Privacy Act ("FERPA") against Connell Foley LLP, Defendant's counsel. Plaintiff asserts that Connell Foley unlawfully disclosed his private information by including his application materials to Harvard University in its court filings. (Proposed Am. Compl. ¶¶ 20, 67.)

Defendant argues that Plaintiff did not demonstrate good cause to amend because FERPA does not create a right of private action. (Def.'s Opp'n Br. at 1.) The Court agrees. In *Gonzaga University v. Doe*, the United States Supreme Court held that "(r)espondent's action is foreclosed because the relevant FERPA provisions create no personal rights to enforce under § 1983." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002). The *Gonzaga* Court noted that FERPA did not concern "individual instances of disclosure" but, rather, granted power to the Secretary of Education to deny funding to schools if they violated FERPA policies. *Id.* at 275. Thus, the language of FERPA was solely concerned with institutional practices. *Id.* The *Gonzaga* Court stated that FERPA "cannot give rise to individual rights" and discussed the need for centralized enforcement of the statute in order to avoid different standards in different states. *Id.*

The Supreme Court's decision in *Gonzaga*, which provided a straightforward interpretation of FERPA barring potential individual claims, is applicable in the present case. The Third Circuit and its district courts have applied the *Gonzaga* standard to similar cases, finding that FERPA does

12

not create a private right of action. (*See* Def.'s Opp'n Br. 6 (citing *Woodruff v. Hamilton Twp. Pub. Schs.*, 2008 U.S. Dist. LEXIS 29304 (D.N.J. Apr. 8, 2008), *aff'd*, *Woodruff v. Hamilton Twp. Pub. Schs.*, 2009 U.S. App. LEXIS 834 (3d Cir. Jan 15, 2009); *Lei Ke v. Drexel Univ.*, No. 11-6708, 2013 U.S. Dist. LEXIS 143686 (E.D. Pa. Oct. 4, 2013); *Sindram v. Fox*, No. 07-0222, 2007 U.S. Dist. LEXIS 80545 (E.D. Pa. Oct. 30, 2007); *Curran v. Mark Zinnamosca & Assocs.*, No. 1:12-CV-00750, 2014 U.S. Dist. LEXIS 8734 (M.D. Pa. Jan. 2, 2014).)

Finally, Plaintiff's proposed amended complaint alleges that "[u]pon information and belief, the disclosure [of Plaintiff's personal information] violated multiple federal, state and Laws and regulations including the [FERPA]." (Proposed Am. Compl. ¶ 68.) Plaintiff failed to specifically plead violations other than the alleged FERPA violation. To the extent that Plaintiff attempts to assert additional facts and/or allegations in his reply brief, it is "axiomatic that the complaint may not be amended" by arguments and/or factual allegations set forth in a legal brief. *Com. of Pa. ex rel. Zimmeran v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Because FERPA does not create a private right of action, the Court denies Plaintiff's Motion to Amend.

## III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is denied and Defendant's alternative Motion to Transfer Venue is granted. Plaintiff's Motion to Amend is denied. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**