**Robert A. Bonavito-Pro Se**
1812 Front Street
Scotch Plains, NJ 07076
908-322-7719
robert@rabcpafirm.com
Pro Se Plaintiff

| | |
|---|---|
| Robert A. Bonavito, Plaintiff, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS |
| v. | NO. 21-CV-11110-WGY |
| Harvard University, | **Civil Action** |
| Defendant. | **FIRST AMENDED COMPLAINT** |

Pro Se Plaintiff alleges and complains of the Defendant as follows:

## The Parties

1.     Plaintiff is an individual residing within Hunterdon County, the State of New Jersey.

2.     Upon information and belief Defendant is a for profit corporation claiming  a nonprofit status, registered in the State of

Massachusetts. Some of the services and products offered by defendant include educational classes, certificates, degrees, periodicals, research material, product licensing, vocational training, and career guidance services and support.

3.      Harvard offers classes, training, grants, research material and other products within the state of New Jersey through interactive websites. Harvard does have a physical presence in the state when setting up classes, selling souvenirs at competitive games and offering grants.

4.      Classes and other products were purchased, used and paid for in Hunterdon County, the State of New Jersey during the years 2017 through 2021 by Plaintiff.

## Factual Background

5.      Plaintiff started his first class at Harvard Extension School "HES" in the spring of 2017 in Hunterdon County, the state of New Jersey, and plaintiff was issued plaintiff identification number 91288818-0.

6.      As a plaintiff of HES, being able to apply and/or admittance to the various master's programs was based on completing several prerequisite courses and passing the entrance exams.

7.      As a plaintiff Plaintiff was also required to purchase many other products such as Harvard case studies and books for which HES would receive fees.

8.      Plaintiff's purpose of entering the program was to receive a Master of Liberal Arts, Management or Finance ALM degree "ALM". Plaintiff met all requirements to be admitted into the program.

9.      On the basis of their advertisements and their interactive websites, HES created a contract under which if Plaintiff paid for and passed

the admittance exams and requirements Plaintiff would be allowed to apply and/or be admitted to the ALM program.

10.    Defendants were obligated to comply with all their internal rules. HES did not comply with their own rules regarding treatment of plaintiffs and evaluation of prior coursework.

11.    Once in the program, Plaintiff learned that there was a hidden policy that prevented plaintiff from applying for and entering the program. This is clearly an unfair deceptive act and practice that HES willfully engaged in.

12.    Defendants  policy states that if you have a master's degree, you can only apply and be admitted if the prior degree is "significantly different" than the one offered at Harvard. Plaintiff does have a Master of Business Administration with a concentration in finance that was issued in 1992; the courses the Plaintiff would be taking for the HES ALM would be "significantly different" than the ones taken over 28 years ago.

13.    The policy as enforced by HES, deliberately resulted in a selection process that discriminated based on age and gender. Specifically excluding older males such as Plaintiff.

14.     After requesting that HES review Plaintiff's transcripts from 1992, Plaintiff received an email stating that Plaintiff would not be qualified to apply or be admitted to the program based on the description of the courses. Essentially, plaintiff was denied the ability to apply to the program based solely on the name of the prior course. After emails and discussions with HES staff it became obvious that HES had no method or metrics in order to implement their own policy. This further compounded and added to the egregious deceptive acts and practices that HES inflicted on Plaintiff. An email dated January 13, 2017 was received from Alaina Stewart (Exhibit J)

indicating that Harvard would only review courses based on course title and not whether the course content is significantly different than Harvard. This is obviously a massive fraud perpetrated on unsuspecting plaintiffs. Plaintiff attempted to discuss this with administrators at the school, but he was continually ignored. Harvard was able to continue its harassment of Plaintiff and deny access to the program.

15.     Many younger plaintiffs with similar MBA's, transcripts and degrees were allowed to apply and/or be admitted to ALM program in both finance and management. HES admitted (in writing) to Plaintiff that MBA holders were not allowed to apply to the ALM program. "… the only reason you are excluded is the fact you already hold an MBA – since all MBA holders are excluded …"; This took place on February 28, 2020 (exhibit O) in a letter written by Harvard's Dean of Plaintiffs Rob Neugeboren; received by Plaintiff in the State of New Jersey. This was done with malicious intent, since Mr. Neugenboren was a representative of Harvard and was supposed to be reviewing the plaintiff's complaint under "Harvard's grievance process" and Harvard's "Harassment and Discrimination Policy". It was later proven that Harvard does admit younger plaintiffs with MBAs similar to Plaintiff's. This was admitted to by Harvard in the second Motion to Dismiss. Harvard was able to continue its harassment of Plaintiff and deny access to apply to the program to older males. Ultimately, the plaintiff was denied his degree.

16.     HES allowed plaintiffs with prior MBA's in finance to reapply to ALM while denying Plaintiff the ability to apply (Exhibit N). Many of the plaintiffs received emails that invited them to reapply and be admitted to the ALM programs. The Email's stated "… an effort to keep plaintiff's knowledge and skills relevant" and "set up an individual appointment" at the

same time they denied Plaintiff with a 28 year old MBA the opportunity to apply.

17.    Plaintiff's attempts to understand why he was prevented from applying to ALM were met with complete disregard by HES and Harvard. This was a clear violation of the University's Statement on Rights and Responsibilities.

18.    Responses to Plaintiff's concerns were met with threats from Harvard's Lawyers that stated, "…we will litigate past endurance…"

19.    Defendant retained New Jersey attorneys in order to take secure private information of Plaintiff's from Harvard's databases in Massachusetts and transport them across state lines to New Jersey and publish them on a New Jersey public website in order to damage the plaintiff. This was done on December 14, 2020, in the State of New Jersey and included in the declaration of Kimberly A. Park of Harvard. By publishing confidential information that the University promise would be Private they committed the massive fraud on the plaintiff. Harvard was able to continue its harassment of the plaintiff, deny access to the program to older male and financially weakening the plaintiff.

20.    Defendant published on a New Jersey website false information in a declaration made by Harvard's internal counsel alleging personal knowledge of facts that he did not have personal knowledge of that damaged the plaintiff.

21.    New Jersey District Court judge agreed with plaintiff when he stated that the plaintiff's private and confidential information was published on a New Jersey website by defendant and their New Jersey attorneys. This information resulted in extensive damages to Plaintiff, the following was taken from Judge Arpert's ECF Document # 25, "The Court has carefully

considered the above factors and will grant Plaintiff's motion. The material at issue consists of an application for admission to an educational program submitted by the plaintiff to defendant, documents submitted with the application, and communications regarding Plaintiff's application as well as his eligibility for certain of Defendant's programs. Given the nature of the material, the court finds Plaintiff has a privacy interest in the information, and application of  the relevant factors support sealing"

22.     Harvard's actions violated the US Department of Education Office for Civil Rights of The State Of New Jersey when it discriminated based and age and gender against the plaintiff.

23.     Harvard actions violated the US Department of Education's office for civil rights for the State of Massachusetts when it discriminated based on age and gender against the plaintiff

24.     Harvard receives over $600 million in federal support based on their financial statements for the year ended June 30, 2019. This support is received by all programs within the University including Harvard Extension School ("Bonavito Aff." EFC 8-2 ¶30).

25.     False claims made by the University enticed this plaintiff to spend his personal time in addition to the following fees to Harvard for a degree which was improperly denied: all these fees were charged by Harvard University and paid within the state of New Jersey. Personal time and lost future income will be added to these damage claims.

Preliminary Fee and Expenses

Harvard  University
Activity Within State of New Jersey

| Date | Activity | Amount |
|---|---|---|
| 11/9/2020 | Harvard Continuing E | $ 5,800.00 |
| 8/25/2020 | Harvard Continuing E | (2,900.00) |
| 8/17/2020 | Harvard Book Store | 246.55 |
| 8/3/2020 | Harvard Continuing E | 5,800.00 |
| 6/15/2020 | Harvard Bus HBR | 26.85 |
| 5/22/2020 | Harvard Bus HBR | 8.95 |
| 3/2/2020 | Harvard Continuing E | 3,340.00 |
| 11/27/2019 | Harvard Education | 1.00 |
| 11/27/2019 | Harvard Education | 38.25 |
| 11/12/2019 | Harvard Continuing E | 2,840.00 |
| 10/11/2019 | Harvard ADD Program | 15.00 |
| 7/30/2019 | Harvard Continuing E | 2,840.00 |
| 4/18/2019 | Harvard Continuing E | 2,750.00 |
| 3/5/2019 | Harvard Continuing E | 3,340.00 |
| 12/2/2018 | Harvard Bus HBR | 32.00 |
| 12/20/2018 | Harvard Bus HBR | 120.36 |
| 11/22/2018 | Harvard Continuing E | (2,750.00) |
| 11/14/2018 | Harvard Continuing E | 2,750.00 |
| 11/14/2018 | Harvard Continuing E | 2,800.00 |
| 11/5/2018 | Harvard Bus HBR | 100.00 |
| 7/24/2018 | Harvard Continuing E | 2,800.00 |
| 3/2/2018 | Harvard Continuing E | 3,350.00 |
| 1/11/2018 | Harvard Continuing E | 2,750.00 |
| 1/14/2017 | Harvard Continuing E | 2,750.00 |
| 9/1/2017 | Harvard Bus HBR | 62.78 |
| 7/25/2017 | Harvard Continuing E | 2,750.00 |
| Other | Misc. | 39,585.00 |
| 11/15/2016 | Harvard Continuing E | 2,600.00 |
|  |  | $ 83,846.74 |

# Harvard's Timeline to Violation of NJ Consumer Fraud Act, Fraud, Negligence and Discrimination

**All of the acts in the timeline occurred in the state of New Jersey, not Massachusetts**

26.     2000- 2021; Harvard pretends to be a nonprofit when a quick glance at their financial statement shows they are making hundreds of millions of dollars each year ("Bonavito Aff." ¶56-58). Harvard sells millions of dollars of online courses, in person courses, research material, publications, books and clothing within the state of New Jersey both in person and utilizing their interactive website ("Bonavito Aff." ¶11,1213,14,15,16,17,20,21,2223,24,25,26,27,28,291956-58)(Exhibit R). Plaintiff has purchased these items within the state of New Jersey. Some of the items available from Harvard within the state of New Jersey can be seen in exhibit R.

27.     2000- 2021; Based on the Supreme Court of the United States ruling in South Dakota v Wayfair Inc., Harvard's activities within the state of New Jersey give New Jersey the ability to control and tax Harvard. "But the administrative costs of compliance, especially in the modern economy with its Internet technology, are largely unrelated to whether a company happens to have a physical presence in a State." South Dakota v Wayfair Inc.

28.     Unlawful conduct; June 2016, Harvard strategically placed within the state of New Jersey ads targeting consumers within the state Of New Jersey. The ads specifically target New Jersey residents looking to update and learn additional skills at Harvard University. Plaintiff relies on the false and fraudulent ad that states the following; "Three Course Path To Admissions", the ad specifically offers the opportunity to earn a Harvard

Graduate degree in marketing or finance (Exhibit A), ("Bonavito Aff." ¶37) ("Cplt." ¶ 8).

29.     Casual relationship; October 2016, utilizing Harvard's interactive website, from the state of New Jersey Plaintiff applies for and receives new plaintiff confirmation (Exhibit B), ("Cplt." ¶ 4,5).

30.     Unlawful conduct, Casual relationship; October 2016, utilizing Harvard's interactive website within the state Of New Jersey plaintiff receives requirements to enter the Master of Liberal Arts program "ALM" degree at HES (Exhibit C). Plaintiff also prepares to take admissions test within the state of New Jersey (Exhibit D), ("Cplt." ¶ 7).

31.     Unlawful conduct, casual relationship, November 2016, utilizing interactive website, plaintiff takes test of critical reading and writing skills within the state of New Jersey (Exhibit D, F), ("Bonavito Aff." ¶40) ("Cplt." ¶ 7).

32.     Unlawful conduct, casual relationship, Ascertainable loss November 2016. Utilizing Harvard's interactive website, plaintiff registers in the state of New Jersey for his first class which will take place in the state of New Jersey (Exhibit G), ("Cplt." ¶ 7). Harvard charges $2,600 to be paid using Harvard's interactive website from the state of New Jersey for class the plaintiff believes is working towards the ALM (Exhibit E).

33.     Unlawful conduct, casual relationship; November 2016, utilizing Harvard's interactive website, plaintiff receives welcome letter from Harvard University Extension school within the state of New Jersey (Exhibit H), ("Cplt." ¶ 7)

34.     Unlawful conduct, casual relationship; false statement January 2017 utilizing Harvard's interactive website, plaintiff learns of hidden requirement that if you hold an MBA in finance, you are only admitted if the

"content is significantly different" than the ALM; however, plaintiff's prior degree started in 1988 and ended in 1992 and the "content is significantly different" than anything offered at Harvard. ("Bonavito Aff." ¶42,38), ("Cplt." ¶ 10) (Exhibit I)

35.   Unlawful conduct, casual relationship; January 13, 2017, utilizing Harvard's interactive website, from New Jersey Plaintiff learns that Harvard has no metrics to determine if courses taken in 1988 are "similar in content" to the ones offered at Harvard 2018 through 2021 ("Bonavito Aff." ¶47), ("Cplt." ¶ 11, 12) (Exhibit J).

36.   Unlawful conduct, casual relationship, false statement: January 2017, utilizing Harvard's interactive website, in New Jersey Plaintiff learns that Harvard not only has no metrics to enforce their own policy, it also actively discriminates against older plaintiffs and males like Plaintiff. In order to exclude the plaintiff from the program Harvard has to actively and purposely discriminate based on Plaintiff's age and gender. This is another act of fraud and misrepresentation by the defendant ("Bonavito Aff." ¶47, 48), ("Cplt." ¶ 11, 12,14,15) (Exhibit J) (Exhibit M).

37.   Unlawful conduct, casual relationship; fall 2019, Plaintiff met all requirements to be admitted to the ALM, was prevented from applying to the program on Harvard's interactive website, in the state of New Jersey, this is an act of fraud and misrepresentation by the defendant. Plaintiff spent hundreds of hours in the state of New Jersey taking classes and studying utilizing Harvard's interactive website, yet still was denied the ability to apply for the ALM degree ("Bonavito Aff." ¶37,39,49), ("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45, 46,29,53,54,55,56,58,60,61,62) (Exhibit K, L).

38.    Unlawful conduct, casual relationship; fall 2019, the act of not letting Plaintiff apply to the program occurred on Harvard's interactive website within the state of New Jersey as can be seen in Exhibit L ("Sur Re" ECF No 13, at 5) ("Bonavito Aff." ¶42,46,49) ("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45, 46,29,53,54,55,56,58,60,61,62).

39.    Unlawful conduct, casual relationship; fall of 2019, from the state of New Jersey plaintiff learns that Harvard has been admitting younger plaintiffs who have similar credentials as the plaintiff, to the ALM program. This is deliberate and active fraud and misrepresentation by Plaintiff ("Bonavito Aff." ¶51,52) ("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45, 46,29,53,54,55,56,58,60,61,62) (Exhibit M), (Exhibit N).

40.    Unlawful conduct, casual relationship, false statement; February12th 2020, interactive website, from the state of New Jersey Plaintiff takes complaint to Harvard University's Office for Dispute Resolution; office refuses to hear the case because it does not involve sexual harassment. Harvard's Office of Dispute Resolution holds itself out as a way to solve internal disputes but is mainly interested in sexual attacks and harassment initiated by males. (Exhibit P) ("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45, 46,29,53,54,55,56,58,60,61,62)

41.    Unlawful conduct, casual relationship, false statement; February 28, 2020; utilizing Harvard's interactive website, Plaintiff takes case to Division of Continuing Education; Grievance Process; Dean ignores all allegations and lies to Plaintiff stating that no one with an MBA is allowed in the program. This is active fraud and misrepresentation (Exhibit

11

O) ("Bonavito Aff.") ¶52),

("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45,
46,29,53,54,55,56,58,60,61,62).

42.    Unlawful conduct, casual relationship; August 31, 2020,
Plaintiff files lawsuit within the state of New Jersey based on the fact that
plaintiff earned the ALM degree having passed all classes, but Harvard
refused to award the degree or even let plaintiff apply for the degree
("Cplt.").

43.    Unlawful conduct, casual relationship, false statement;
Defendant filed false declaration. Abbruzzi claims he had first-hand personal
knowledge of Plaintiff's actions. Abruzzi admits that he worked only in the
Office of General Counsel but somehow has first-hand knowledge of HES
admissions interactions with Plaintiff ("Dec Abr" ECF No.  7-2, at 1,2)
("Bonavito Aff." ¶9),

("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45,
46,29,53,54,55,56,58,60,61,62).

44.    Unlawful conduct, casual relationship, false statement;
December 12, 2020, Defendant hired New Jersey law firm to take secure
data from Harvard's database and transfer it over state lines to the state of
New Jersey and then publish it on the state of New Jersey website open to
the public, damaging the ability of Plaintiff to continue his lawsuit. ("Park
Dec" ECF 12-2, at 3.¶1),

("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45,
46,29,53,54,55,56,58,60,61,62 ).

45.    Unlawful conduct, casual relationship; June 2021 New Jersey
District Court Judge Arpert issues motion to seal admitting that Ddefendant
submitted documents that damage Plaintiff. "The Court has carefully

considered the above factors and will grant Plaintiff's motion. The material at issue consists of an application for admission to an educational program submitted by Plaintiff to Defendant, documents submitted with the application, and communications regarding Plaintiff act application as well as his eligibility for certain of Defendants programs. Given the nature of the material, the court finds Plaintiff has a privacy interest in the information, e and application of  the relevant factors support sealing. ("Order seal" ECF 25, at 12,2). However, the damage was already done, the document had been placed on a public website for months and distributed throughout not only the State of New Jersey but the entire country.

("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45, 46,29,53,54,55,56,58,60,61,62)

46.    Unlawful conduct, casual relationship June 2021 District Court Judge Shipp issues memorandum opinion denying Defendant's Motion to Dismiss, "Defendant's Motion to Dismiss is Denied" ("Mem Opin " ECF No. 62, at 1)

("Cplt."22,23,24,25,26,27,28,29,30,31,32,33,34,34,35,38.39,40,41,42,43,45, 46,29,53,54,55,56,58,60,61,62 )

47.    Unlawful conduct, casual relationship, ascertainable loss; Plaintiff incurs damages which include fees paid, time invested, lost future income based on the fact that Defendant improperly denied Plaintiff the ability to apply for the Harvard graduate degree for which Plaintiff already met all the requirements. ("Cplt." at 11 and 12),(exhibit K, Q)


**FIRST COUNT**
**Consumer Fraud Act**

48.     Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

49.     Upon information and belief, with the exception of claiming of nonprofit status, Defendant operates within the State of New Jersey and presents itself as a properly and legally registered business.

50.     Plaintiff and Defendant are "persons" within the intention of New Jersey's Consumer Fraud Act, N.J.S.A., 56:8-1, et. seq.

51.     The conduct of the Defendant with regard to Plaintiff was in violation of said Act.

52.     Defendant, with the sole purpose of obtaining and deriving an unlawful and improper financial gain, knowingly, willfully and intentionally, maliciously, and/or with reckless disregard of the rights of Plaintiff;

a.     Misrepresented to Plaintiff that notwithstanding  the Plaintiff's sole purpose for entering HES was to apply and/or receive the ALM degree. Defendant misrepresented that plaintiff would be able to register for and earn a ALM degree once passing required courses. After passing those courses plaintiff was denied the opportunity to apply for the degree. In addition, defendant has a hidden policy in place to stop older males from entering the program. The policy to stop plaintiff from entering the program had no metrics in order to evaluate prior coursework.

b.     Plaintiff met all the criteria to apply and be admitted to the program but was inappropriately denied the ability to apply and/or be admitted. Plaintiff was also not able to apply for his degree even know he met all the requirements.

c.     Misrepresented to Plaintiff including that they would properly evaluate his classes taken in 1992 in accordance with the rules and procedures that HES required.

53.     Defendant and its agents, by their conduct, actions, representation, misrepresentation, omissions, and failure to act, with an intent to achieve and obtain an undue and unlawful advantage over the Plaintiff, did in fact achieve and obtain an undue and unlawful advantage over the Plaintiff, and did unlawfully and fraudulently induce Plaintiff into entering into said contract.

54.     Defendant's conduct is an unconscionable commercial practice, deception, fraud, false pretense, false promise, and misrepresentation in violation of New Jersey's Consumer Fraud Act, N.J.S.A., 56:8-1, et. seq.

55.      Defendant sent private emails to plaintiffs with similar transcripts as Plaintiff so that they could apply and be admitted to the ALM in both finance and management.

56.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered an ascertainable economic loss, past, present and future.

57.     Rather than properly investigate the Plaintiff's concerns, HES's response was "…we will litigate past endurance…"

58.     Defendant retained New Jersey attorneys in order to take secure private information of the plaintiff from Harvard's databases in Massachusetts and transport them across state lines to New Jersey and publish them on a New Jersey public website in order to damage Plaintiff.

59.     Defendant published on a New Jersey website false information in a Declaration made by Harvard's internal counsel alleging personal knowledge of facts that he did not have personal knowledge of that damaged the plaintiff.

60.      New Jersey District Court Judge Arpert agreed with plaintiff when he stated that Plaintiff's private and confidential information was

published on a New Jersey website by defendant and their New Jersey attorneys. This information resulted in extensive damages to the plaintiff

*"The Court has carefully considered the above factors and will grant plaintiff's motion. The material at issue consists of an application for admission to an educational program submitted by Plaintiff to Defendant, documents submitted with the application, and communications regarding Plaintiff act application as well as his eligibility for certain of Defendants programs. Given the nature of the material, the court finds Plaintiff has a privacy interest in the information, and application of the relevant factors support sealing"*

61.    Harvard's actions violated the US Department of Education Office for Civil Rights of the state Of New Jersey when it discriminated based and age and gender against the plaintiff.

62.    Harvard's actions violated the US Department of Education's Office for Civil Rights for the State of Massachusetts when it discriminated based on age and gender against Plaintiff

63.    Plaintiff has pursued extensive remedies to settle this matter before filing the complaint. Plaintiff pursued the complaint with administrative staff, deans, Harvard University's Office of Dispute Resolution and the Division of Continuing Education Grievance Process, in each case the plaintiff was either ignored, lied to, harassed or threatened.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with <u>N.J.S.A.</u>, 56:8-1 <u>et. seq.</u> for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

16

RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1.    Partial lost future income/net worth, "but for damages".

2.    Reimbursement of expenses.

3.    Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

## SECOND COUNT
## Fraud

64.    Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

65.    Defendant, with the sole purpose of deriving an unlawful and improper financial gain, knowingly, willfully, and intentionally, and/or with reckless disregard of the rights of Plaintiff;

a.    Misrepresented to Plaintiff that notwithstanding Plaintiff, Plaintiff's sole purpose for applying to and entering HES was to apply and/or receive the ALM degree.

b.    In appealing the decision not to properly review Plaintiff's transcripts, Plaintiff brought this to the attention of various administrators who blatantly ignored Harvard's and HES's rules and ethics. Defendant would not review plaintiff's prior coursework to determine if they were substantially different than courses offered at HES.

HES is own rule and ethics state the following:

> "Moreover, it is the responsibility of all members of the academic community to maintain an atmosphere in which violations of rights are unlikely to occur and to develop processes by which these rights are fully assured. In particular, it is the responsibility of officers of administration and instruction to be alert to the needs of the University community; to give full and fair hearing to reasoned expressions of grievances; and to respond promptly and in good faith to such expressions and to widely expressed needs for change. In making decisions which concern the community as a whole or any part of the community, officers are expected to consult with those affected by the decisions. Failures to meet these responsibilities may be profoundly damaging to the life of the University. Therefore, the University community has the right to establish orderly procedures consistent with imperatives of academic freedom to assess the policies and assure the responsibility of those whose decisions affect the life of the University."

      c.    Misrepresented to Plaintiff that Plaintiff would be entitled to apply and/or receive the ALM degree at HES once all the requirements were met.

      d.    HES utilized age discrimination in denying Plaintiff admittance to the ALM program.

      e.    HES's actions constitute a clear violation of Title IX section 106.21 admissions.

      f.    Defendant represented that it was able to offer online education programs within the state of New Jersey.

      66.    HES told Plaintiff he could not enter or apply to the ALM program if he had a prior MBA, at the same time they were allowing other plaintiffs with prior MBA's to apply and/or be admitted into the ALM program. Plaintiff was sent a letter advising him the following **"… the only**

***reason you are excluded is the fact you already hold an MBA – since all MBA holders are excluded …"***

67.    Such representations and statements were false and known to be false by the Defendant at the time they were made ***"You cannot already have or be in the process of earning a master's degree in management or related field."***

68.    Plaintiff reasonably relied upon Defendants' false representations and omissions.

69.    Defendant was aware that private emails were sent to invite specific plaintiffs to apply to the ALM program who had similar transcripts as Plaintiff. The email stated the following ***"…an effort to keep plaintiff's knowledge and skills relevant..."*** ***"…set up an individual appointment…"***". Plaintiff's 28-year-old MBA was not considered outdated?

70.    Defendant retained New Jersey attorneys in order to take secure private information of Plaintiff's from Harvard's databases in Massachusetts and transport this information across state lines to the state of New Jersey and publish on a New Jersey public website in order to damage Plaintiff.

71.    Plaintiff was specifically denied access to apply to the ALM program (Exhibit L).

72.    By reason of Defendants' conduct, Plaintiff has suffered substantial economic damages.

WHEREFORE Plaintiff demands judgment against Defendant in accordance
with <u>N.J.S.A.</u>, 56:8-1 <u>et. seq.</u> for damages, treble damages, statutory
attorney's fees, Pro Se fees and consulting fees, pre and post-
judgment interest, costs of suit; and for such other relief to which

plaintiff may be entitled. In addition, monetary damages including special and consequential damages, attorneys fees, costs of suit, and injunctive relief including awarding of the ALM degree.

RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1.  Partial lost future income/net worth, "but for damages".
2.  Reimbursement of expenses.
3.  Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

**THIRD COUNT**
**Negligent Misrepresentation**

73.     Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

74.     Defendant owed Plaintiff a duty to ensure that its representations to Plaintiff were accurate, and the HES rules and policies were to be completed promptly and in a workman like manner.

75.     The Defendant negligently:

a.     Misrepresented to Plaintiff that notwithstanding Plaintiff, Plaintiff's sole purpose for applying to and entering HES was to apply and/or receive the ALM degree.

b.     Misrepresented to Plaintiff that all plaintiffs were held to the same criteria.

c.     Misrepresented to Plaintiff that HES would properly evaluate 1992 course work in accordance with HES school policy.

       d.     Misrepresented to Plaintiff that Plaintiff would be entitled to apply and/or receive the ALM degree.

    76.   HES utilized age discrimination in denying Plaintiff admittance to the ALM program.

    77.   HES's actions constitute a clear violation of Title IX section 106.21 admissions.

    78.   Plaintiff reasonably relied upon the Defendant's misrepresentations and omissions.

    79.   Defendant breached its duty to Plaintiff to ensure that its representations to Plaintiff were accurate, and the installation was completed promptly and in a workman like manner.

    80.   As a direct and proximate cause of the defendants' negligent misrepresentations and omissions, Plaintiff was thereby induced to contract with Defendant and has suffered a substantial monetary loss in both time, fees and future earnings.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

     .

## RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1. Partial lost future income/net worth, "but for damages".
2. Reimbursement of expenses.

3.  Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

## FOURTH COUNT
## Breach of Contract

81.     Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

82.     Defendant, without justification or excuse, has failed to satisfactorily perform all of their obligations under the terms and conditions of said contract with Plaintiff.

83.     Defendant retained New Jersey attorneys in order to take secure private information of Plaintiff's from Harvard's databases in Massachusetts and transport this information across state lines to New Jersey and publish on a New Jersey public website in order to damage plaintiff

84.     As a direct and proximate cause of the Defendants' breach of contract, Plaintiff has suffered a substantial monetary loss.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which plaintiff may be entitled.

## RELIEF
## Financial injury, multimillion-dollar claim will be based on the following

1.Partial lost future income/net worth, "but for damages".

2. Reimbursement of expenses.

3.Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

## FIFTH COUNT
## Breach of Implied Covenant/Contracts of Good Faith and Fair Dealing

85.    Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

86.    Defendant retained New Jersey attorneys in order to take secure private information of Plaintiff's from Harvard's databases in Massachusetts and transport this information at across state lines to New Jersey and publish on a New Jersey public website in order to damage Plaintiff.

87.    Implied in the terms of the contract is Defendant's representation and warranty that Plaintiff was eligible to obtain the ALM degree at HES.

88.    Defendant breached its obligation by not properly implementing its own policies when reviewing Plaintiff's transcripts.

89.    As a direct and proximate cause of the Defendants' breach of contract, Plaintiff has suffered a substantial monetary loss in the value of Plaintiff's future net worth and income.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with N.J.S.A., 56:8-1 et. seq. for damages, treble damages, statutory attorney's fees, Pro Se fees and consulting fees, pre and post-

judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

## RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1. Partial lost future income/net worth, "but for damages".
2. Reimbursement of expenses.

3  Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

**SIXTH COUNT**
**Age Discrimination**
**Age Discrimination Act of 1975, Violation of the US Department of Education office for Civil Rights for the State of New Jersey and the State of Massachusetts**

90.      Harvard discrimination was intentional, Harvard was well aware that the criteria they used to admit plaintiffs discriminates based on age and gender.

91.      Plaintiff pursued the complaint with administrative staff, Deans, Harvard University's Office of Dispute Resolution and Division of Continuing Education Grievance Process, in each case Plaintiff was either ignored, lied to, harassed, or threatened.

92.      Discrimination based on age, sex is illegal in the state of New Jersey under 10:56 –3 Legislative Findings and Declarations.

93.      Plaintiff repeats all prior allegations and incorporates same herein as if set forth in full.

94.     Plaintiff is a 59-year-old male.

95.     Upon information and belief, the US Department of Education, National Center for Education Statistics shows that HES utilized age discrimination in denying Plaintiff the ability to apply and/or be admitted to the ALM program. This was brought to the attention of Division of Continuing Education Grievance Process "DOC Grievance Process".

96.     HES allowed younger plaintiffs with prior MBA's to reapply to ALM programs while denying Plaintiff the ability to apply. Many of the plaintiffs received private emails that invited them to reapply and be admitted to ALM programs, emails stated ***"…an effort to keep plaintiffs knowledge and skills relevant…" and***; **"…set up an individual appointment…"** at the same time they denied Plaintiff with a 28 year old MBA the opportunity to apply.

97.     DOC's website explains its mandate as follows:

i.      *The Schools of Harvard University do not discriminate on the basis of sex, race, color, age, national origin, religion, sexual orientation, disability, veteran status, gender identity and expression, or other legally or policy protected status in the university's services, educational programs, and activities.*

98.     Based on Plaintiffs discussions with ODR and the written policy of DOC Plaintiff would expect that Plaintiff's age discrimination grievances would be fully investigated. Defendant refused to fully investigate any of the allegations, instead Plaintiff was ignored and lied to "… the only reason you are excluded is the fact you already hold an MBA – since all MBA holders are excluded…."

99.     Defendant deliberately planned for and used age discrimination against Plaintiff

100.   WHEREFORE Plaintiff demands judgment against defendant in accordance with Age discrimination Act of 1975 and <u>N.J.S.A.</u>, 56:8-1 <u>et. seq.</u> for damages, treble damages, statutory attorney's fees Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

RELIEF
Financial injury, multimillion-dollar claim will be based on the following

1. Partial lost future income/net worth, "but for damages".
2. Reimbursement of expenses.
3. Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

**SEVENTH COUNT**
**Gender Discrimination**
**Violations of Code of Federal Regulations Title 34, Title IX, Violation of the US Department of Education office for Civil Rights of the State of New Jersey and the State of Massachusetts**

101.   Plaintiff repeats all prior allegations and incorporates the same herein as if set forth in full. In addition, Harvard's discrimination was intentional, and they were well aware that the selection criteria they utilized for admitting plaintiffs discriminated based on age and gender.

102.   Plaintiff pursued the complaint with administrative staff, Deans, Harvard University's Office of Dispute Resolution and Division of Continuing Education Grievance Process, in each case Plaintiff was either ignored, harassed, lied to, or threatened.

RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1. Partial lost future income/net worth, "but for damages".

2. Reimbursement of expenses.

3. Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

**Discrimination based on age and/or sex is illegal in the state of New Jersey under 10:56 –3 Legislative Findings and Declarations**

103.   Plaintiff repeats all prior allegations and incorporate same herein as if set forth in full.

104.   Plaintiff is a 59-year-old male that earned a Master of Business Administration degree in 1992.

105.   The current act of gender discrimination occurred on August 20, 2020.

106.   Upon information and belief, the US Department of Education, National Center for Education Statistics shows that the HES criteria for applying to and/or being admitted into the ALM program discriminated based on Plaintiff's gender.

107.   HES's policy specifically targets male plaintiffs that earned MBA's in 1992. HES's policies were utilized by Defendant in order to disallow Plaintiff from applying to the ALM program.

108.   Defendant deliberately utilized gender discrimination against Plaintiff.

109.   HES denied Plaintiff ability to apply to and/or be admitted to the program. This is a clear violation of Title IX section 106.21 admissions which states the following:

### Section 106.21   Admission.

*(a) General. <u>No person shall, on the basis of sex, be denied admission</u>, or be subjected to discrimination in admission, by any recipient to which this subpart applies, except as provided in §§106.16 and 106.17.*

*(b) Specific prohibitions. (1) In determining whether a person satisfies any policy or criterion for admission, or in making any offer of admission, a recipient to which this subpart applies shall not:*

*(i) Give <u>preference to one person over another on the basis of sex, by ranking applicants separately on such basis, or otherwise.</u>*

*(ii) Apply numerical limitations upon the number or proportion of persons of either sex who may be admitted; or*

*(iii) Otherwise treat one <u>individual differently from another on the basis of sex</u>.*

*(2) A recipient shall <u>not administer or operate any test or other criterion for admission which has a disproportionately adverse effect on persons on the basis of sex unless the use of such test or criterion is shown to predict validly success in the education program or activity in question and alternative tests or criteria which do not have such a disproportionately adverse effect are shown to be unavailable.</u>*

## RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1. Partial lost future income/net worth, "but for damages".
2. Reimbursement of expenses.

3.Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

WHEREFORE Plaintiff demands judgment against Defendant in accordance with Title 9 and <u>N.J.S.A.</u>, 56:8-1 <u>et. seq.</u> for injunctive relief and Harvard immediately cease gender discrimination and level the playing field, damages, attorney's fees, Pro Se fees and consulting fees, pre and post-judgment interest, costs of suit; and for such other relief to which Plaintiff may be entitled.

RELIEF

Financial injury, multimillion-dollar claim will be based on the following

1.Partial lost future income/net worth, "but for damages".
2. Reimbursement of expenses.
3. Personal time spent in the program based on the ability to apply and/or earn a degree that was wrongfully denied.

<u>Injunction legal equitable remedy, specific performance</u>

4.     All current and past Harvard and ALM finance and management candidates or degree plaintiffs who had prior MBA's or similar type education, that were admitted based on age or gender discrimination should have degrees immediately revoked.

<u>or</u>

29

5. For Plaintiff's immediate admission to the HES's ALM program in management or finance.

6. For all completed, current courses or enrolled courses to be immediately evaluated and,

7. Receive a determination as to what if any course requirements remain to graduate and for such an evaluation to be undertaken by an admissions advisor.

## JURY DEMAND

Plaintiff hereby demands a trial by jury

## DESIGNATION OF TRIAL COUNSEL

Robert A. Bonavito is hereby designated as trial Pro Se counsel for Plaintiff.

Robert A. Bonavito Pro Se
1818 Front Street
Scotch Plains, NJ 07076
908-322-7719
robert@rabcpafirm.com

By: *Robert A. Bonavito*
_____
Robert A. Bonavito

Dated: January 6, 2022

## **CERTIFICATION PURSUANT TO R.4:5-1**

       I hereby certify that to the best of my belief, the matter in controversy is not the subject of any action pending in any court or arbitration proceeding and that no other action or arbitration is contemplated.

*Robert A. Bonavito*
_____
      Robert A. Bonavito

Dated:  January 6, 2022

## <u>CERTIFICATION PURSUANT TO N.J.S.A. 56:8-20</u>

I hereby certify that Plaintiff mailed a copy of this Complaint to the Massachusetts ETF on January 6, 2022, to the following address:

*Robert A. Bonavito*
_____
Robert A. Bonavito

Dated:  January 6, 2022

32